IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
AUG 4 2009
CLER...

| | | |
|---|---|---|
| AVA MAUREEN SAWYER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | 1:09cv298 (LMB/IDD) |
| | ) | |
| DEAN S. WORCESTER, | ) | |
| | ) | |
| Appellee. | ) | |

| | | |
|---|---|---|
| AVA MAUREEN SAWYER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | 1:09cv431 (LMB/IDD) |
| | ) | |
| DEAN S. WORCESTER, et al., | ) | |
| | ) | |
| Appellees. | ) | |

MEMORANDUM OPINION

These two bankruptcy appeals arise out of nearly 14 years of litigation between two lawyers, appellant Ava Maureen Sawyer and appellee Dean S. Worcester, stemming from their joint representation of Preston E. Conner, Sr. Sawyer, pro se, has filed two bankruptcy appeals. In the first, Sawyer v. Worcester, No. 1:09cv298 (E.D. Va. filed March 18, 2009), she appeals from the bankruptcy court's order sustaining Worcester's plea of res judicata and collateral estoppel and overruling her objection to the validity of Worcester's claim. The second, Sawyer v. Worcester, et al., No. 1:09cv431 (E.D. Va. filed April 21, 2009), involves the bankruptcy court's order denying several of her

motions related to the claims of the appellees.[1]  Oral argument
is not needed because the facts and legal contentions are
adequately presented in the materials submitted and argument
would not aid the decisional process.

I.  Background

The underlying bankruptcy proceeding arises out of a dispute
over attorneys' fees that began in the early 1990s.  At that
time, Sawyer and Worcester performed legal services for a client,
Preston E. Conner, Sr.  After successfully representing Conner,
the parties disagreed over the attorneys' fees due, and Conner
filed a Petition in Equity against Sawyer and Worcester in the
Circuit Court of Frederick County, apparently seeking the return
of funds Sawyer was holding in escrow.  After conducting a full
hearing on the petition, Judge Designate Rudolph Bumgardner, III
issued a Final Decree on August 26, 1994,[2] which declared that
the fee due to Sawyer and Worcester from Conner was $134,000.00
and that Sawyer should disburse the fee and provide the remaining
$117,085.94 that she was holding in escrow to Conner.  The Decree

---

[1] Because the two appeals arise out of one bankruptcy
proceeding, In re Ava Maureen Sawyer, No. 1:07bk13021 (Bankr.
E.D. Va. filed Oct. 17, 2007), they will be decided in one
Memorandum Opinion.  This Memorandum Opinion and the accompanying
Order will be filed in both civil actions.

[2] Because one of the attorneys in the suit regularly
practiced before the Circuit Court of Frederick County, the
Judges of the Circuit requested that a Judge be designated to
preside over the matter.  The hearing included opening statements
and a presentation of evidence by Sawyer, Worcester, and Conner.

2

also stated that the Court had heard evidence concerning how the fees should be divided between Sawyer and Worcester over Sawyer's objection. The Court decided that Sawyer and Worcester were each due $62,000.00, arriving at that figure by subtracting the $10,000.00 they were already paid from the $134,000.00 they were due and dividing the resulting amount equally. Because Sawyer had already received those funds from Conner, the Court ordered Sawyer to pay Worcester $62,000.00, his share of the fees. Sawyer filed a notice of appeal of the Final Decree, but failed to file a timely petition for review, and her appeal was dismissed by the Virginia Supreme Court.

Sawyer failed to disburse the funds to Worcester, who then filed Debtor Interrogatories to enforce his judgment against her in the Circuit Court of Frederick County. That court issued a Rule to Show Cause and a Capias to enforce the judgment. Sawyer, who was represented by counsel, filed a Motion to Quash and Vacate, in which she challenged the August 26, 1994 judgment, arguing that the court lacked jurisdiction to enter the judgment and that she was not afforded the fundamental fairness required by due process. After holding a hearing on the motion, Judge Sinclair issued a decree denying Sawyer's Motion to Quash and Vacate. Sawyer appealed the decision. The Supreme Court of Virginia refused the petition for appeal, finding "no reversible error in the judgment complained of." The United States Supreme

3

Court denied Sawyer's subsequent petition for a writ of
certiorari.  Although the 1994 judgment is a final judgment, it
has not been satisfied.

After filing two previous bankruptcy cases in this district,
which were subsequently dismissed, Sawyer voluntarily filed for
Chapter 13 bankruptcy on October 17, 2007.  Worcester and the
Estate of Preston Conner, Sr., have filed claims against Sawyer,
based on the unsatisfied 1994 judgment.  These two appeals arise
out of Sawyer's objections to those claims.

## II. Discussion

### A. Standard of Review

When reviewing the decision of a bankruptcy court, a
district court must accept the court's findings of fact unless
they are clearly erroneous.  Fed. R. Bankr. P. 8013.  Legal
conclusions, however, are reviewed de novo.  In re Green, 934
F.2d 568, 570 (4th Cir. 1991).

### B. Appeal of the June 16, 2008 Order and Memorandum Opinion

In Sawyer v. Worcester, 1:09cv298, Sawyer appeals the
bankruptcy court's Order and Memorandum Opinion of June 16, 2008
which sustained Worcester's plea of res judicata and overruled
Sawyer's objection to the validity of Worcester's claim.  After
reviewing the briefs of each side and patiently taking evidence
on the matter, the bankruptcy court issued a comprehensive and
well-reasoned Memorandum Opinion dated June 16, 2008, which

4

overruled Sawyer's objections and affirmed Worcester's plea of
res judicata and collateral estoppel.  Specifically, the
bankruptcy court held that Judge Sinclair's order of April 25,
2000, which denied Sawyer's Motion to Quash and Vacate, prevented
Sawyer from relitigating her objections to Worcester's claim
before the bankruptcy court.  After carefully reviewing the
submissions of Sawyer and Worcester and the record before the
bankruptcy court, which included trial transcripts, this Court
finds there is no basis upon which to disturb the bankruptcy
court's findings of fact.

The bankruptcy court also applied the correct legal
principles to these facts.  "The bar of res judicata precludes
relitigation of the same cause of action, or any part thereof,
which could have been litigated between the same parties and
their privies."  Smith v. Ware, 421 S.E.2d 444, 445 (Va. 1992).
Under Virginia law, the following four elements must be present
before res judicata applies: "1) the identity of the remedies
sought; 2) the identity of the cause of action; 3) the identity
of the parties; and 4) the identity of the qualities of the
persons for or against whom the claim is made."  Willner v. Frey,
421 F. Supp. 2d 913, 921 (E.D. Va. 2006) (quoting Smith, 421
S.E.2d at 445).  The bankruptcy court properly found that all
four elements were satisfied because: 1) Sawyer attacked the
validity of Worcester's judgment before Judge Sinclair and in her
Chapter 13 bankruptcy; 2) in both proceedings, Sawyer claimed

that the circuit court lacked personal and subject matter jurisdiction and that her due process rights were violated; 3) Sawyer and Worcester were parties in the state court and the bankruptcy proceedings; and 4) the "quality of the persons" was also the same in both proceedings.  In addition, the April 25, 2000 order of Judge Sinclair has become a final judgment, after Sawyer's petition for appeal was denied by the Virginia Supreme Court, and the United States Supreme Court denied her petition for certiorari.  Accordingly, the April 25, 2000 order bars Sawyer from relitigating those claims actually made, or that might have been made, in the case before Judge Sinclair. Accordingly, the decision of the bankruptcy court will be affirmed.

## C.   Appeal of the October 6, 2008 Order and Memorandum Opinion

In <u>Sawyer v. Worcester, et al.</u>, 1:09cv431, Sawyer appeals an Order and Memorandum Opinion of October 6, 2008 denying four motions:  1) Motion to Approve Pursuant to the Authority of <u>Pepper v. Litton</u>; 2) Motion to Reconsider, Alter and Amend the July 31, 2008 Order of the Court Overruling Debtor's Objections to the Claim of the Estate of Preston Conner and Allowing the Estate of Preston Conner a Secured Claim in the Sum of $25,719.31; 3) Motion to Reconsider, Alter and Amend the July 30, 2008 Order of the Court Overruling Debtor's Objections to the Claim of Dean S. Worcester and Allowing Worcester a Secured

Claim; and 4) Motion to Stay Distributions by the Chapter 13
Trustee Until Debtor's <u>Pepper v. Litton</u> Motion Has Been
Resolved.[3]

In her Motion Pursuant to the Authority of <u>Pepper v. Litton</u>,
Sawyer asked the bankruptcy court not to enforce Worcester's
judgment against her, arguing that it would be inequitable to do
so.   In <u>Pepper v. Litton</u>, the Supreme Court held that the
bankruptcy court was not barred by res judicata from examining
the state court judgment when the "validity of the underlying
claim was not in issue" in the prior state court proceeding.   <u>See</u>
308 U.S. 295, 302-03 (1939).   This holding is not applicable to
Worcester's claim against Sawyer because, as recited above, the
April 25, 2000 order of Judge Sinclair determined that the 1994
judgment was valid, and the bankruptcy court properly determined
that it was barred from reviewing the validity of the judgment
under the principle of res judicata.   Accordingly, the decision
of the bankruptcy court to deny this motion will be affirmed.

Next, Sawyer appeals the decision of the bankruptcy court to
deny her Motion to Reconsider, Alter and Amend the July 31, 2008
Order of the Court Overruling Debtor's Objections to the Claim of

---

[3] In her description of her appeal, Sawyer stated that she
was appealing the decision "Denying Mot. to Stay Distributions by
Trustee."   Because the Motion to Approve Stay Distributions by
the Chapter 13 Trustee Until Appeals of this Court's Approvals of
Creditors Claims Have Been Resolved was granted, this Court
assumes that Sawyer is appealing the denial of her Motion to Stay
Distributions by Trustee Until Debtor's <u>Pepper v. Litton</u> Motion
Has Been Resolved.

the Estate of Preston Conner and Allowing the Estate of Preston
Conner a Secured Claim in the Sum of $25,719.31. In this motion,
Sawyer argued that the award on August 26, 1994 of pre-judgment
interest was void <u>ab</u> <u>initio</u> and that the claim should be denied
pursuant to <u>Pepper v. Litton</u>. Sawyer also specifically objected
to the calculation of the amount due to the Estate of Preston
Conner, Sr. In a Memorandum Opinion dated October 6, 2008, the
bankruptcy court carefully considered the debtor's objections to
its calculation of the claim and explained how it determined the
amount of Conner's secured claim. This Court finds no reversible
error in the bankruptcy court's decision to deny this motion in
its entirety, and the decision will be affirmed for the reasons
stated by the bankruptcy court.

Sawyer also filed a Motion to Reconsider, Alter and Amend
the July 30, 2008 Order of the Court Overruling Debtor's
Objections to the Claim of Dean S. Worcester and Allowing
Worcester a Secured Claim. For the reasons explained in the
discussion of <u>Sawyer v. Worcester</u>, 1:09cv298, above and those
given by the bankruptcy court, the decision to deny this motion
will also be affirmed.

Finally, Sawyer appeals the bankruptcy court's decision to
deny her Motion to Stay Distributions by the Chapter 13 Trustee
Until Debtor's <u>Pepper v. Litton</u> Motion Has Been Resolved.
Because Sawyer's Motion Pursuant to the Authority of <u>Pepper v.
Litton</u> was denied by the same October 6, 2008 Order, this motion

8

was appropriately denied.

III. Conclusion

For all these reasons, the decisions of the bankruptcy court
will be affirmed.  An appropriate Order will issue.

If the appellant chooses to appeal or pursue any further
litigation related to the claims in these civil actions, she
should be mindful of Rule 11 of the Federal Rules of Civil
Procedure, which mandates that when a party files a pleading, she
certifies to the best of her knowledge and belief that "it is not
being presented for any improper purpose, such as to harass . . .
or needlessly increase the cost of litigation."  She must also
certify that "the claims, defenses, and other legal contentions
are warranted by existing law or by a nonfrivolous argument for
extending, modifying, or reversing existing law or for
establishing new law."  Fed. R. Civ. P. 11(b)(2).  If a party
violates Rule 11, the Court may impose sanctions.  Fed. R. Civ.
P. 11(c).

Entered this 4th day of August, 2009.


Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge